IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01846-PAB

YOKIMO ANTUAN ZALDIVAR,

    Petitioner,

v.

BARNHART, *Warden*,

    Respondent.

## ORDER

    This § 2241 habeas corpus action is before the Court on petitioner's "Motion for Extension Due to Quarantine Transfer[] to Another Facility. And Change of Address" [Docket No. 22] and "Motion for Appointment of Attorney Under Due Process Claus[e]" [Docket No. 23].   For the reasons below, the request for appointment of counsel will be denied and the request for an extension of time will be granted.

    Petitioner is a federal prisoner.   On June 22, 2020, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   Docket No. 1.   The application challenges the Bureau of Prisons' calculation of petitioner's sentence. Petitioner claims he has not received credit towards his federal sentence for time served in state custody from October 16, 2007 to October 20, 2010.  *Id.* at 2.   Following initial review, respondent was ordered to address to the merits of the application; petitioner was given 30 days to file a reply, calculated from the date respondent files a merits

1

brief.  Docket No. 17 at 1.  Respondent's brief is currently due on November 16, 2020.  The Court first addresses the motion for appointment of counsel and then the motion for an extension of time.

Petitioner argues that the appointment of counsel is needed because he is currently being transferred to another federal facility.  Docket No. 23 at 1-2.  Petitioner states that he does not know how long the transfer will take and suggests that his ability to file a reply will be frustrated, although he does not specify how.  *Id.*

There is no constitutional or statutory right to counsel for civil litigants.  *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  However, "[t]he court may request an attorney to represent any person unable to employ counsel."  28 U.S.C. § 1915(e)(1).  The factors to consider in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised.  *See Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995).  "'The burden is on the [*pro se* litigant] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'"  *Steffey v. Orman,* 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004)).  "It is not enough 'that having counsel appointed [would assist the *pro se* litigant] in presenting his strongest possible case, [as] the same could be said in any case.'"  *Id.* (quoting *Rucks,* 57 F.3d at 979).  The factors weigh against appointing counsel here.

### 1. The Merits

Aside from asserting that he is "being held illegally," petitioner does not explain

why his claim has merit.   Petitioner has therefore not shouldered his burden of convincing the Court that there is sufficient merit to his claim to support the appointment of counsel.   Thus, this factor weighs against appointing counsel.

### 2. Nature of the factual issues

The facts in this case are straightforward: petitioner claims his federal sentence does not include credit for time served in state custody from October 16, 2007 to October 20, 2010.   Given that petitioner has knowledge of these facts, and may personally attest to them if necessary, the nature of the factual issues weighs against appointing counsel.

### 3.  Ability to Present and Complexity of Claim

Petitioner has demonstrated the ability to properly exhaust his claim before filing suit, present the claim in a coherent habeas application, and respond to the Court's orders in a timely manner.   Docket Nos. 1, 14.   And the relief petitioner seeks is not complex: he presents one claim that requests a specified amount of time be credited to his federal sentence.   Thus, this factor also weighs against appointment of counsel.

One factor weighing in favor of appointing counsel is petitioner's transfer to another federal facility.   Petitioner states the transfer is related to a "quarantine" and references the COVID-19 pandemic in his filings.   *See* Docket Nos. 22, 23.   But it seems the prejudice caused by any delays associated with a quarantine or the ongoing pandemic may be lessened by providing additional time to file a reply, which petitioner requests.

Petitioner asks for an unspecified extension for filing a reply.   Docket No. 22.

And respondent has yet to file a response to the Court's order to show cause. As such, the Court will grant petitioner an extension as follows: within 60 days of respondent's response to the Court's order to show cause (as opposed to the current 30-day deadline) petitioner may file a reply.[1]

Finally, petitioner states that he is "no longer at USP Florence High" and requests that the Court "review petitioner's place of residence[.]" Docket No. 22 at 1-2. This request will be denied. If his address has changed, petitioner is required to file a notice of change of address within five days of the change. D.C.COLO.LCivR 5.1(c).

It is therefore

**ORDERED** that petitioner's "Motion for Extension Due to Quarantine Transfer[] to Another Facility. And Change of Address" [Docket No. 22] is **GRANTED IN PART** and **DENIED IN PART** as stated herein. It is further

**ORDERED** that petitioner's "Motion for Appointment of Attorney Under Due Process Claus[e]" [Docket No. 23] is **DENIED**.

DATED November 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] Although an extension is being granted, petitioner is cautioned that further requests for an extension of time must be supported by an affidavit signed under penalty of perjury, *see* 18 U.S.C. § 1621, or supported by other competent evidence, explaining the details that establish good cause. For example, petitioner must explain what resource he seeks to respond to the government, why he is unable to obtain the resource by other means, the steps he has taken to obtain the resource(s) he needs, the dates and times the law library is available to him (or the date which it was closed or became unavailable), and any other information to establish the required good cause.