IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01846-PAB

YOKIMO ANTUAN ZALDIVAR,

    Petitioner,

v.

BARNHART, Warden,

    Respondent.

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

Petitioner brings this § 2241 habeas corpus action to challenge the calculation of his federal sentence by the Bureau of Prisons ("BOP"). He contends the BOP has failed to credit him for time served in state custody from October 16, 2007 to October 20, 2010. The Court concludes that petitioner is not entitled to credit against his federal sentence for time served in state custody. The habeas corpus application will therefore be denied.

**I.**  **BACKGROUND**

The relevant facts are undisputed. State authorities in Dade County, Florida took petitioner into custody on October 16, 2007. Docket No. 27-1 at ¶ 6. He was charged with grand theft of a vehicle (Case No. F07-11515). *Id.* While in custody, he was charged with battering another inmate on October 19, 2007 (Case No. F07-36537). *Id.*

On March 6, 2008, in the United State District Court for the Southern District of Florida, petitioner was indicted on one count of possessing a firearm in violation of

§ 922(g)(1) and § 924(e). *See United States v. Zaldivar*, Case No. 08-cr-20191-JLK-1 (S.D. Fla. Mar. 6, 2008). On March 14, 2008, petitioner was transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum. *Id.* at ¶ 7. Petitioner pleaded guilty to violating § 922(g)(1), and the federal district court sentenced him to 180 months of imprisonment on July 25, 2008. *Id.* at ¶ 9. The sentencing judge did not address whether the federal sentence would run concurrently or consecutively to any state sentence. *Id.* The federal judgment was filed as a detainer in order to have petitioner returned to federal custody after he served his state sentence. *Id.*

After judgment entered in petitioner's federal case, he was returned to state authorities. *Id.* On February 26, 2009, the Circuit Court of Dade County sentenced petitioner to three years imprisonment on the grand theft charge (Case No. F07-11515) and three years imprisonment on the battery charge (Case No. F07-36537). *Id.* at ¶ 10. That court credited petitioner with 596 days of presentence confinement in the grand theft case, and 493 days of presentence confinement in battery case. *Id.* Both state criminal judgments provide that the "term of all sentences imposed for the counts specified . . . shall run . . . concurrent with federal case 08-cr-20191-JLK-1[.]" *Id.* at ¶ 10, Ex. 7 and Ex. 8. Petitioner finished serving his state sentences as of October 20, 2010.

That same day, petitioner was transferred to federal custody. Petitioner then began seeking credit towards his federal sentence for the time already served in state custody. Following a request from petitioner, the BOP sent the federal sentencing court a letter on September 24, 2012. Docket No. 27-1 at ¶ 13, Ex. 10. The letter requested the court's position as to whether the BOP should retroactively designate the

2

state institution for service of his federal sentence, explaining that the retroactive designation would result in petitioner receiving credit to his federal sentence for time served in state custody.  *Id.*  The sentencing court did not respond within the requested 60-day timeframe; the BOP denied petitioner's request for retroactive designation on November 26, 2012.  *Id.*

Petitioner then made his request for prior credit directly with the federal sentencing court by filing a "Motion for Nunc Pro Tunc Designation and Credit Toward a Federal Sentence."  The motion was denied on March 21, 2013.  *See United States v. Zaldivar*, Case No. 08-cr-20191-JLK-1, Docket Nos. 62, 63.

On June 22, 2020, petitioner initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[1]  Docket No. 1.  Petitioner seeks habeas relief based on the denial of credit to his federal sentence for time served in state custody from October 16, 2007 to October 20, 2010.  *Id.* at 2.  Petitioner asks for the time to be credited towards his federal sentence.  *Id.* at 4.

On October 14, 2020, respondent was ordered to show cause why the application should not be granted.  Docket No. 17.  On November 16, 2020, respondent filed a Response to Application for Writ of Habeas Corpus.  Docket No. 27.  On November 30, 2020, petitioner filed a reply brief.  Docket No. 28.  The Court will set forth the applicable legal standard, and then address whether habeas relief is available.

---

[1] Because petitioner is *pro se*, the Court liberally construes his filings, but will not act as an advocate.  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## II. LEGAL STANDARD

"Petitions under § 2241 are used to attack the execution of a sentence[.]" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted). Habeas corpus relief is warranted only if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue considers whether a federal inmate should be credited for prior custody. *See Binford*, 436 F.3d at 1254. Under 18 U.S.C. § 3585(b), credit for prior custody is awarded for time a defendant "spent in official detention *prior* to the date his federal sentence commences if [(1)] the detention resulted from the same offense of conviction or [(2)] from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

The Attorney General, through the BOP, is responsible for making the sentence calculations contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

## III.   DISCUSSION

### A.  Commencement of sentence.

Petitioner's federal sentence entered on July 25, 2008.   However, a federal sentence does not commence under § 3585(a) until a prisoner is actually received into federal custody to serve the sentence.   See *Binford*, 436 F.3d at 1255.   After petitioner's federal sentence was imposed, he was returned to state custody.   It was not until October 20, 2010 that petitioner was released from state custody and received into federal custody at the official detention facility where the sentence was to be served.   Thus, the BOP has correctly determined petitioner's sentence commenced on October 20, 2010.   Petitioner does not argue otherwise.   *See* Docket No. 28.

### B.  Credit for prior state custody.

Petitioner argues that he is entitled to credit for the time served in state custody prior to the commencement of his federal sentence: from October 16, 2007 to October 20, 2010.   Docket Nos. 1 and 28.   Respondent counters that prior custody credit is not warranted because petitioner does not satisfy the criteria in § 3585(b).   Docket No. 27 at 6-7.   The Court agrees with respondent.

First, where the challenged time has already been credited to another sentence, § 3585(b) does not require that petitioner receive credit to his federal sentence.   Here, each day from October 16, 2007 to October 20, 2010 has been counted towards petitioner's state sentences, either in the form of credit for pretrial detention or post-sentence confinement.   The Court recognizes that state authorities first arrested and charged petitioner with possessing a firearm as a convicted felon on August 31, 2007,

*i.e.*, before he was indicted for that offense in federal court.[2]  But petitioner's habeas application only seeks credit for time he was in custody beginning on October 16, 2007. Moreover, state authorities gave petitioner credit for the time he spent in jail on the state felon-in-possession charge.  Docket No. 27-1 at ¶ 10, Ex. 9.  Accordingly, federal law does not require petitioner to receive credit towards his federal sentence for this time.

Second, petitioner insists that withholding the relevant time from his federal sentence calculation contradicts the state court's orders which designate his state sentences to run concurrently to his federal sentence.  Docket No. 28 at 7-8.  The argument is foreclosed by binding Tenth Circuit precedent.  "[M]ultiple terms of imprisonment imposed at different times will normally run consecutively, *unless the district court* affirmatively orders that the terms be served concurrently."  *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) (emphasis added).  The federal district court that sentenced petitioner did not affirmatively order the term of imprisonment to be served concurrently.  And the court in *Williams* found nothing in the sentencing statutes to prohibit "a federal sentence [from being] served consecutively to a state sentence that has not yet been imposed."  *Id.*  Thus, petitioner's argument is unavailing.

Finally, to the extent petitioner contends he should receive credit for the time he spent in federal custody while on the federal writ, the argument lacks merit.  A federal district court may issue a writ of habeas corpus ad prosequendum "to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody."  *United States v. Mauro*, 436 U.S. 340, 358 (1978).

---

[2] The state felon-in-possession charge was later dismissed.

The use of an ad prosequendum writ to gain custody indicates that the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody.  See *Weekes*, 301 F.3d at 1181.   During the time petitioner was held by federal authorities pursuant to the ad prosequendum writ, he was still receiving credit on his state sentences.   Thus, the time petitioner was subject to the federal writ cannot be credited against his federal sentence.[3]

## IV.   CONCLUSION

For these reasons, petitioner fails to establish a basis for habeas relief under § 2241.   It is therefore

**ORDERED** that petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**.

DATED March 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] Petitioner makes multiple arguments in his reply that concern the conditions of his confinement.   Docket No. 28 at 11-15 (discussing issues of COVID-19 at the prison and alleging he suffers from various underlying health conditions).   Insofar as petitioner requests compassionate release, a motion requesting compassionate release must be filed in his criminal case.   See *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *1 (10th Cir. Mar. 26, 2020) (§ 3582(c) authorizes "a defendant to move the sentencing court for a sentence reduction").   To the extent petitioner seeks to challenge the conditions of his confinement, he must pursue such claims in a *Bivens* action. *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)—not through federal habeas proceedings.").